█ In the Matter of Isiah Biggins, Appellant, v Richard Hongisto, as Commissioner of Correctional Services, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered May 15, 1979 in Clinton County, which denied petitioner's application in a proceeding pursuant to CPLR article 78. Petitioner commenced the instant article 78 proceeding asserting that his transfer from the Auburn Correctional Facility to the Clinton Correctional Facility on July 24, 1978 violates considerations of due process and that the records of the respondent commissioner erroneously specify an attempt to organize a strike as the reason for such action. Special Term denied his petition without the benefit of opposing papers on the ground that due process rights do not attach to the transfer of an inmate from one institution to another. This appeal ensued. Although petitioner's notice of appeal was filed before the judgment itself was entered, in the interests of justice we can and will treat his premature notice as valid (CPLR 5520, subd [c]). We suggest that Special Term eliminate this type of procedural difficulty in future cases involving indigents by combining its decision with an appropriate order or judgment in a single instrument, particularly when, as here, the decretal provisions are not likely to require settlement. Substantively, while we are inclined to agree that the petition fails to state a viable due process claim based on the interfacility transfer of an inmate without prior notice and a hearing (see *Montayne v Haymes,* 427 US 236), we conclude that Special Term improvidently proceeded to a final disposition of the matter. Wholly apart from concepts of due process, petitioner has generally alleged that the transfer occurred because he was wrongfully classified as a strike organizer and that this designation persists in his records despite efforts to have it corrected. We express no opinion on whether these contentions are reviewable in an article 78 proceeding, but they are not so palpably insufficient as to warrant a denial of the petition in the absence of any responsive motion, objection in point of law or answer. Accordingly, the present judgment should be

reversed and the matter should be remitted to Special Term for further proceedings. Judgment reversed, on the law, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.